UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **RITA HAMILTON** | **CIVIL ACTION** |
| **VERSUS** | **NO. 19-189-BAJ-RLB** |
| **OFFICE OF THE REGIONAL CHIEF COUNSEL, REGION VI, SOCIAL SECURITY ADMINISTRATION** | |

## NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have fourteen (14) days after being served with the attached Report to file written objections to the proposed findings of fact, conclusions of law and recommendations therein. Failure to file written objections to the proposed findings, conclusions, and recommendations within 14 days after being served will bar you, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge which have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in Baton Rouge, Louisiana, on March 23, 2020.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**RITA HAMILTON**                                            **CIVIL ACTION**

**VERSUS**                                                    **NO. 19-189-BAJ-RLB**

**OFFICE OF THE REGIONAL CHIEF**
**COUNSEL, REGION VI, SOCIAL**
**SECURITY ADMINISTRATION**

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Before the Court is the Motion for Summary Judgment filed by defendant, Andrew Saul, Commissioner of the Social Security Administration, on September 20, 2019. (R. Doc. 12). Plaintiff, Rita Hamilton, did not file a formal opposition, but submitted a first correspondence (R. Doc. 15) on October 16, 2019, and a second correspondence (R. Doc. 16) on October 21, 2019, both of which will be considered herein, especially considering Ms. Hamilton's *pro se* status.

Defendant seeks summary judgment on the grounds that Plaintiff "failed to commence her civil action within the limitations period established by 42 U.S.C. § 405(g)." (R. Doc. 12 at 1). Summary judgment is appropriate when there are no genuine issues of material fact and the moving party is entitled to a judgment as a matter of law. Fed. R. Civ. P. 56. When a motion for summary judgment is properly made and supported under Rule 56(c), the opposing party may not rest on the mere allegations of their pleadings, but rather must come forward with "specific facts showing that there is a genuine issue for trial." *Matsushita Electric Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); Fed. R. Civ. P. 56(c)(1).

The procedural and administrative history is undisputed. The application for Supplemental Security Income which is the subject of this litigation was denied through a written

decision rendered by the ALJ on March 27, 2017. (R. Doc. 12-3 at 5). The ALJ's decision was sent to Ms. Carleta Hamilton on behalf of MTC at 8643 Corlett Drive, Baton Rouge, LA 70811.

After issuance of the ALJ's decision, a Request for Review was submitted to the Appeals Council on May 22, 2017, and the Appeals Council issued its decision on April 11, 2018, wherein the Appeals Council stated "that the reasons do not provide a basis for changing the Administrative Law Judge's decision." (R. Doc. 12-3 at 29, 33). On April 11, 2018, the Notice of Appeals Council Action was sent to Ms. Carleta Hamilton on behalf of MTC at 8643 Corlett Drive, Baton Rouge, LA 70811. The Notice of Appeals Council Action noted that the ALJ's decision constitutes a final decision of the Commissioner of Social Security in the case, and provided information regarding the sixty-day time period within which to file a civil action, calculation of the presumptive date on which the sixty days begins to run, how to request an extension of the sixty-day period, and the requirement that a claimant "must have a good reason for waiting more than 60 days to ask for court review." (R. Doc. 12-3 at 31). The presumptive date of receipt for purposes of beginning this period is 5 days after the date of the notice. The 65th day after the Appeals Council's action, therefore, was June 15, 2018.

Notwithstanding the deadlines set forth by the Appeals Council, Ms. Rita Hamilton initiated this civil action requesting review of the determination of the Social Security Administration on April 1, 2019, ten days shy of one year after the Notice of Appeals Council Action was issued. (R. Doc. 1). As the timeline of procedural and administrative events is undisputed, the filing of the Civil Action falls squarely outside of the applicable period running from the action of the Appeals Council that constitutes a final decision, having been filed almost a year later. The Court must, therefore, address whether it is appropriate to apply the doctrine of equitable tolling to excuse the delay.

2

To be entitled to equitable tolling, Plaintiff must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way" and prevented timely filing. *Lawrence v. Florida*, 549 U.S. 327, 336 (2007). In support of her delay, Plaintiff represents that "[p]art of the reason [she] hadn't filed a response to the review-appeal reconsideration as because [she] couldn't' afford a lawyer and [she] wasn't aware of whom else I needed to send my responses to other than the courts that I responded too." (R. Doc. 16 at 1). She also suggests that the address at which notices were being sent was flooded in 2016, so she did not know when or if she had received any mail. (R. Doc. 16 at 1). Plaintiff attaches what appears to be a confirmation of a report with customer service at the United States Postal Service for failed mail delivery dated October 9, 2019. (R. Doc. 16-1 at 2).

The Court finds that neither of these proferred defenses to Plaintiff's untimely filing of this civil action to establish good cause for her delay. 42 U.S.C. § 405(g) requires that a civil action be "commenced within sixty days after the mailing to him of notice of such [final] decision." The Supreme Court has found this sixty-day period to be a statute of limitations subject to equitable tolling. *See Bowen v. City of New York*, 467 U.S. 467, 480 (1986).

First, as is typically done, the Social Security Administration provided information regarding right to representation. In the March 27, 2017 Notice of Decision – Unfavorable, the following information appears:

> If you appeal, you may choose to have an attorney or other person help you. Many representatives do not charge a fee unless you win your appeal. Groups are available to help you find a representative or, if you qualify, to give you free legal services. Your local Social Security office has a list of groups that can help you in this process.

(R. Doc. 12-3 at 6). The evidence shows that this Notice was received, as the ALJ's decision was then appealed to the Appeals Council, which issued an unfavorable decision on April 11, 2018.

3

(R. Doc. 12-3 at 29; 34). To the extent Plaintiff suggests that she did not know how to request judicial review of the Appeals Council decision, that decision itself provides information regarding how to do so, including which district court to file a civil action in, how to name the defendants, to whom copies of the complaint must be delivered, and the time frame for doing so. (R. Doc. 12-3 at 30-31). The List of Exhibits attached to the ALJ's decision also suggests that a Waiver of Right to Representation was executed on or about January 24, 2017, which would have advised a claimant of the right to counsel. (R. Doc. 12-3 at 25).

While Plaintiff states that she could not afford a lawyer and was not aware of where she needed to send an appeal, the uncontroverted evidence submitted by Defendant shows that the Administration properly provided information regarding a right to counsel and procedures for civil action. Therefore, the Court turns to whether Plaintiff has shown good cause for tolling the sixty-day period based on inadequate mail service. For the reasons that follow, the Court also finds this argument without merit.

Plaintiff suggests that she was keeping up with the mail until the flood that occurred in August 2016, but did not know when or if she had received any mail after that. (R. Doc. 16 at 1). However, the only deadline Plaintiff appears to have missed is the sixty-day deadline for filing a civil action after the decision of the Appeals Council. The information before the Court suggests that the only address on file for the Social Security claim was 8643 Corlett Drive, Baton Rouge, LA 70811, with some of those communications occurring post-flood. This is the address to which the ALJ's decision was mailed, which decision was appealed, suggesting that the ALJ's decision was received at that address and an appeal filed accordingly. (R. Doc. 12-3 at 5). Further, the Appeals Council Exhibit List suggests that the Request for Review of the ALJ's

4

decision was received from Ms. Carleta Hamilton on May 22, 2017, less than sixty days after the mailing of the ALJ's decision. (R. Doc. 12-3 at 5, 33).

Ms. Hamilton did eventually file a civil action on April 1, 2019 (R. Doc. 1), indicating that at some point she received the decision of the Appeals Council, but submits in opposition to Defendant's Motion for Summary Judgment, a record of a complaint regarding mail delivery to the United States Postal Service dated October 9, 2019. (R. Doc. 16-1 at 2). The Court finds the timeline of events do not corroborate Plaintiff's suggestion that she did not receive timely notice of the decision of the Appeals Council, and Plaintiff provides no evidence that would support her contention. Accordingly, Defendant has met its burden of proving that Plaintiff failed to timely file her civil action, and Plaintiff has failed to overcome that showing.

Accordingly, based on the foregoing,

**IT IS RECOMMENDED** that the Motion for Summary Judgment (R. Doc. 12) filed by Defendant, Andrew Saul, Commissioner of the Social Security Administration, be **GRANTED**, and this action be **DISMISSED with prejudice**.

Signed in Baton Rouge, Louisiana, on March 23, 2020.

　　　　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　　**RICHARD L. BOURGEOIS, JR.**
　　　　　　　　　　　　　　　　　　**UNITED STATES MAGISTRATE JUDGE**